OPINION OF THE COURT
Per Curiam.
Mark O. Wasserman has submitted an affidavit dated February 2, 2012, wherein he tenders his resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Mr. Wasserman was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 1, 1988, under the name Mark Owen Wasserman.
Mr. Wasserman is the subject of 12 pending charges of professional misconduct including, inter alia, neglecting legal matters entrusted to him; failing to refund portions of legal fees, paid in advance, which had not been earned; and failing to properly respond to the lawful inquiries of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) with respect to five complaints of professional misconduct filed against him. He has now submitted an affidavit of resigna *134 tion dated February 2, 2012, wherein he acknowledges that he cannot defend himself on the merits against the foregoing charges.
Mr. Wasserman further acknowledges that his resignation is freely and voluntarily tendered; that he is not being subjected to coercion or duress by anyone; and that the resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyer’s Fund for Client Protection pursuant to Judiciary Law § 90 (6-a) (a). Additionally, he acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him pursuant to Judiciary Law § 90 (6-a) (d). Mr. Wasserman specifically waives the right to be heard in opposition thereto pursuant to Judiciary Law § 90 (6-a) (f).
The Grievance Committee recommends that this Court accept the respondent’s resignation from the bar and that his name be stricken from the roll of attorneys and counselors-at-law.
Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Mr. Wasserman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
Mastro, A.PJ., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the resignation of Mark O. Wasserman, admitted as Mark Owen Wasserman, is accepted and directed to be filed; and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark O. Wasserman, admitted as Mark Owen Wasserman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that Mark O. Wasserman, admitted as Mark Owen Wasserman, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, Mark O. Wasserman, admitted as Mark Owen Wasserman, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion *135 as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if Mark O. Wasserman, admitted as Mark Owen Wasserman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).